# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| R3 COMPOSITES CORPORATION, | ) |
| | ) |
|     Plaintiff/Counter-Defendant, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-cv-00387-JD-SLC |
| | ) |
| G&S SALES CORP., | ) |
| | ) |
|     Defendant/Counter-Claimant. | ) |

## OPINION AND ORDER

Before the Court is a Joint Motion for Protective Order (DE 14) filed by the parties, seeking approval of a proposed joint agreed protective order pursuant to Federal Rule of Civil Procedure 26(c). Because the proposed order is overly broad, the motion will be DENIED.

Rule 26(c) allows the Court to enter a protective order for good cause shown.[1] *See Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). A protective order, however, must only extend to "properly demarcated categor[ies] of legitimately confidential information." *Id.*; *see MRS Invs. v. Meridian Sports, Inc.*, No. IP 99-1954-C-F/M, 2002 WL 193140, at *1 (S.D. Ind. Feb. 6, 2002) (rejecting proposed protective order because categories of protected information were overly broad and vague); *Cook, Inc. v. Boston Sci. Corp.*, 206 F.R.D. 244, 248-49 (S.D. Ind. 2001) (same).

---

[1] "[T]he same scrutiny is not required for protective orders made only for discovery as for those that permit sealed filings." *Containment Techs. Grp., Inc. v. Am. Soc'y of Health Sys. Pharmacists*, No. 1:07-cv-997-DFH-TAB, 2008 WL 4545310, at *3 (S.D. Ind. Oct. 10, 2008); *see also Baxter Int'l, Inc. v. Abbot Labs.*, 297 F.3d 544, 545 (7th Cir. 2002) ("Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." (citations omitted)). Here, the proposed order contemplates filings under seal (DE 14-1 ¶ 28), and as such, it requires a higher level of scrutiny.

Here, the proposed order allows the parties to designate as "Confidential" any material that:

> contains trade secrets or other non-public, highly sensitive confidential research, development, technical, business and/or financial information that has not become public and/or is expressly kept secret/confidential from the general public, the disclosure of which is likely to cause harm to the competitive position of the producing party by allowing competing entities to gain a competitive advantage.

(DE 14-1 ¶ 2). This definition does not propose narrow, demarcated categories of legitimately confidential information.[2] *See, e.g.*, *Filter Specialists, Inc. v. Hendi*, No. 3:08-cv-365, 2008 WL 4367594, at *2 (N.D. Ind. Sept. 17, 2008) (rejecting the parties' proposed categories of "proprietary, confidential, or of a commercially sensitive nature," explaining that "[f]or the proposed document to comport with circuit precedent and the Federal Rules, the parties need to limit this language of the order to a more ascertainable standard to prevent a blanket protective order"). As such, the Court is not satisfied that the parties know what information constitutes "Confidential" material. *See Cincinnati Ins. Co.*, 178 F.3d at 946.

Nor does the incorporation of the term "non-public" cure the problem. "If the parties seek non-trade secret protection for any . . . information, they must present reasons for protection and criteria for designation other than simply that the information is not otherwise publicly available." *Cook*, 206 F.R.D. at 249. "They must describe a category or categories of information and show that substantial privacy interests outweigh the presumption of public access to discovery material." *Id.* For material to be protected, it "must give the holder an economic *advantage* and threaten a *competitive* injury—business information whose release

---

[2] The proposed order does go on to describe more narrow, demarcated categories of documents that "reveal[] the parties' financial health, customer lists, data concerning customer purchasing needs, and pricing information" (DE 14-1 ¶ 2); however, it does not limit the definition of "Confidential" solely to these categories.

harms the holder only because the information is embarrassing or reveals weaknesses does not qualify for trade secret protection." *Id.* at 248. "[M]erely asserting that a disclosure of the information 'could' harm a litigant's competitive position is insufficient; the motion must explain how." *Shepard v. Humke*, IP 01-1103-C-H/K, 2003 WL 1702256, at *1 (S.D. Ind. Mar. 28, 2003) (citing *Baxter Int'l, Inc.*, 297 F.3d at 547).

"[T]he public at large pays for the courts and therefore has an interest in what goes on at all stages of a judicial proceeding." *Cincinnati Ins. Co.*, 178 F.3d at 945 (citations omitted). Accordingly, a protective order "may not issue absent an appropriate showing of good cause, as well as adherence to the other limitations the Seventh Circuit has emphasized apply to such orders." *Shepard*, 2003 WL 1702256, at *2.

Therefore, the Court DENIES the Joint Motion for Protective Order (DE 14). The parties may submit a new motion, together with a revised proposed protective order consistent with the requirements of Rule 26(c) and Seventh Circuit case law.

SO ORDERED.

Entered this 20th day of March 2017.

/s/ Susan Collins
Susan Collins,
United States Magistrate Judge