UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| R3 COMPOSITES CORPORATION, ) <br> ) <br> Plaintiff/Counter-Defendant, ) <br> ) <br> v. ) <br> ) <br> G&S SALES CORP., ) <br> ) <br> Defendant/Counter-Plaintiff. ) | CAUSE NO.: 1:16-CV-387-HAB |

**OPINION AND ORDER**

This litigation centers around whether R3 Composites Corporation breached an agreement to pay commissions to Defendant G&S Sales Corporation for business that G&S procured on behalf of R3. The Court previously ruled on Plaintiff R3's Motion for Summary Judgment in connection with R3's declaratory judgment action. The Court held that the agreement at issue was illusory and lacked sufficient definiteness to be enforced. Additionally, because the parties neither demonstrated the existence of an implied or oral contract nor provided the specific terms of an implied or oral contract, the Court did not grant summary judgment on whether such an implied or oral contract existed nor whether such an implied or oral contract was breached.

**BACKGROUND**

**A.    The Pleadings**

The pleadings in this litigation center around a Non-Disclosure Agreement ("NDA" or "Agreement"), signed by the parties on February 10, 2011. R3 filed the present

lawsuit on October 21, 2016 [ECF No. 5]. In Count I of its Complaint for Declaratory Judgment, R3 sought a judgment declaring that the NDA is valid and enforceable, that R3 has paid G&S all commissions required under the NDA, and that R3 is not obligated to pay G&S any future commissions. In Count II, R3 sought a judgment declaring, in the alternative, that, if the Court found that the NDA was unenforceable and an implied contract existed, R3 had paid G&S all commissions to which G&S was entitled under the implied contract and that R3 was not obligated to pay G&S any future commissions under the implied contract. The Complaint was originally filed in Allen Circuit Court.

On November 14, 2016, G&S removed the action to federal court and filed its Answer [ECF No. 2] and Counterclaims [ECF No. 3]. One of the affirmative defenses G&S asserted was that the Complaint was "barred in whole or part because a contact [sic] may not be implied where the subject matter in question is addressed by an express contract." (Aff. Def. ¶ 3.) G&S's Counterclaims were for breach of contract and violation of the Indiana Sales Commission Act. On December 22, 2016, G&S filed Amended Counterclaims [ECF No. 10] adding a third count requesting a declaratory judgment that R3 is obligated to pay future sales commissions to G&S in accordance with the NDA. On March 21, 2019, G&S sought leave to file a Second Amended Counter-Complaint [ECF No. 57] to assert an alternative theory of recovery based upon an implied and/or oral contract.

2

**B.     Summary Judgment**

On August 24, 2018, R3 moved for summary judgment on grounds that the NDA did not require it to pay commissions after September 9, 2016 (the last date G&S obtained an order), and, therefore, it did not breach the NDA. R3 argued, in the alternative, that the NDA is an illusory agreement because it lacks sufficient definiteness to be enforced. Accordingly, G&S could not prevail on its breach of contract claim. R3 also moved for summary judgment on G&S's counterclaim under the Indiana Sales Commission Act.

Although the parties devoted much of their briefing to their respective interpretations of the NDA and whether R3 breached the NDA, the Court first addressed whether the NDA is illusory and unenforceable. The Court concluded that the NDA is an illusory, unenforceable contract as its language evidences that the parties did not intend to be bound on the important issue of commission payments. The Court granted summary judgment in favor of R3 on the issue that the NDA is an unenforceable contract. The Court denied summary judgment on all other issues and claims.

**C.     G&S Motion to Reconsider and R3 Motion to Amend Opinion and Order**

On March 21, 2019, G&S filed a Motion for Partial Reconsideration of Opinion and Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment [ECF No. 55]. G&S requests that the Court reconsider its finding that the NDA is an illusory, unenforceable contract. G&S argues that the Court made an error of apprehension regarding Indiana contract law when it did not acknowledge the principal that contracts need not be in a single self-contained document. R3 opposes the motion

and asks that the Court modify its Order to enter final judgment in R3's favor on R3's Complaint for Declaratory Judgment and on G&S's First Amended Counter-Complaint. In the alternative, G&S asks that the Court enter partial summary judgment in its favor on any claims for commission after September 9, 2016. To that end, G&S filed its own Motion to Modify or Amend February 27, 2019 Opinion and Order [ECF No. 60].

## ANALYSIS

### A. Illusory Contract

The portion of the NDA addressing commission payments provides:

> 12.2 Commission. *If G&S obtains jobs for R3, the parties **will attempt to develop an agreement** whereby G&S is paid a commission with a guideline being a 5% commission with the precise commission rate to be negotiated on a job-by-job basis.* A commission will also be paid for any and all extensions, renewals, subsequent phases or additional terms of any such job obtained by G&S for R3, the amount of which to be determined on a job-by-job basis. Any commissions to be paid to G&S in this Section 12.2 are predicated upon G&S fulfilling all of its obligations under this Agreement, including without limitation, those provisions of Sections 12.3 immediate [sic] following.

(emphasis added). G&S argues that the NDA is not an illusory contract but an enforceable contract that requires R3 to pay commissions on jobs sourced by G&S.

G&S does not take issue with the Court's statements of law as it pertains to illusory contracts. The Court previously wrote:

> For a contract to be enforceable, it "must be reasonably definite and certain in its material terms so that the intention of the parties may be ascertained." *Wenning v. Calhoun*, 827 N.E.2d 627, 629 (Ind. Ct. App. 2005). In other words, the parties must demonstrate the "intent to be bound and definiteness of terms." *Wolvos v. Meyer*, 668 N.E.2d 671, 675 (Ind. 1996) (quoting 1 Arthur Linton Corbin & Joseph M. Perillo, Corbin on Contracts § 2.8 at 131 (rev. ed. 1993)) (citing Restatement (Second) of Contracts § 33 cmt. f (1979)

> ("[p]romises may be indefinite. . . . The more important the uncertainty, the stronger the indication is that the parties do not intend to be bound.").
>
> Courts in Indiana provide that for a contract to be sufficiently definite, "amounts and prices must be fixed, or be subject to some ascertainable formula or standard." *Inman's Inc. v. City of Greenfield*, 412 N.E.2d 126, 129 (Ind. Ct. App. 1980) (citing *Marshall v. Ahrendt*, 332 N.E.2d 223 (Ind. Ct. App. 1975). "In the end, the contract must provide a basis for determining the existence of a breach and for giving an appropriate remedy." *McLinden v. Coco*, 765 N.E.2d 606, 613 (Ind. Ct. App. 2002) (internal quotation marks omitted).

(ECF No. 53 at 9–10.)

The Court concluded that the NDA did not detail the commission rate R3 would be obligated to pay or detail some ascertainable formula to arrive at a commission rate R3 would be obligated to pay. Instead, the NDA is explicit about providing the parties the chance to attempt to negotiate a commission rate in the future. Consequently, the Court would be unable to derive any remedy from the terms of the Agreement even if the Court were to find that R3 breached the NDA. The Court found instructive Illustration 8 in § 33 of the Restatement (Second) of Contracts, which provides: "A promises to do a specified piece of work and B promises to pay a price to be thereafter mutually agreed. The provision for future agreement as to price strongly indicates that the parties do not intend to be bound." Restatement (Second) Contracts §33, cmt. e, illus. 8 (1981).

In its Motion to Reconsider, G&S argues that, under Indiana law, a contract may be partly written and partly oral, and there is no requirement for all terms to be included in a single document. Because the NDA expressly provided that the parties would negotiate commissions on a job-by-job basis, and the parties did just that, the contract

5

was not illusory. G&S acknowledges that contracts must be reasonably definite and certain to be enforceable but argues that "Indiana contract law also specifically provides that '[a] valid written contract need not be in a single self-contained document' to be enforceable." (Mem. of Law 4, ECF No. 56 (quoting *Wildwood Indus, Inc. v. Genuine Mach. Design, Inc.*, 587 F. Supp. 2d 1035, 1046–47 (N.D. Ind. 2008).) "Furthermore, contracts may be 'partly in writing and partly in parol.'" (*Id.* (quoting *Citizens Progress Co. v. James O. Held & Co.*, 438 N.E.2d 1016, 1021 (Ind. Ct. App. 1982).)

The Court finds these cases, as well as others cited by G&S, inapplicable to the NDA. G&S cites *Wildwood Industries v. Genuine Machine Design, Inc.*, for the proposition that a valid written contract need not be contained in a single self-contained document to be enforceable. Although G&S's statement of law from *Wildwood* is accurate, it is not complete. The remainder of that assertion is that "it may consist of multiple documents so long as the necessary elements for contract formation exists." 587 F. Supp. 2d at 1047. In *Wildwood*, the documents consisted of a quotation, a purchase order, and an invoice. *Id.* Here, G&S is attempting to enforce the NDA and its specific terms as the contract that governed the parties' agreement; it has not alleged that formation of the contract (offer, acceptance, consideration) required a multitude of documents.

*Wildwood* does not stand for the proposition that oral agreements can fill in the missing terms of a written contract. Finding that a contract is illusory is not the same as finding that it is ambiguous. *See, e.g.*, *Arrotin Plastic Materials of Ind. v. Wilmington Paper Corp.*, 865 N.E.2d 1039, 1042 (Ind. Ct. App. 2007) ("This illusory agreement is not

6

ambiguous, and there are no issues of fact to be determined by the trier of fact."). A word or phrase is not ambiguous unless reasonable people could differ as to its meaning. *Celadon Trucking Servs., Inc. v. Wilmoth*, 70 N.E.3d 833, 839 (Ind. Ct. App. 2017). Reasonable people would not quarrel that the parties' promise to "attempt to develop an agreement whereby G&S is paid a commission" memorialized an agreement to make an effort to come to agreements to govern the payment of commissions to G&S if it obtained jobs for R3. There were even some parameters put on the attempt—that the rate would be close to 5%, and the precise commission rate would be negotiated on a job-by-job basis. No plain reading of the contract would require R3 to pay a commission unless a subsequent agreement pertaining to commission was reached. That some attempts were successful, at least in part, did not render the meaning of the NDA ambiguous. Nor did it make the NDA any less illusory.

G&S also cites to parol contract cases. However, G&S has not identified "antecedent understandings and negotiations," but only agreements after the execution of the NDA in an attempt to alter the meaning of "will attempt to develop an agreement." *See Dicen v. New Sesco, Inc.*, 839 N.E.2d 684, 688 (Ind. 2005). Accordingly, the parol evidence rule is not implicated. When the parties signed the NDA, it represented their complete agreement to that point in time. *See Hinkel v. Sataria Distrib. & Packaging, Inc.*, 920 N.E.2d 766, 769 (Ind. Ct. App. 2010) (stating that the first step when applying the parol evidence rule is determining whether the parties' written contract "is completely integrated, constituting a final and complete expression of all the parties' agreements").

7

What G&S is really asking the Court to do is consider subsequent agreements, and to find that these agreements further define the NDA's wording regarding R3's obligation to pay commission to G&S. The court's objective in interpreting a contract is "to ascertain the meaning and intent of the parties as expressed in the language used." *Allen v. Clarian Health Partners, Inc.*, 980 N.E.2d 306, 309 (Ind. 2012) (first quoting *Evansville–Vanderburgh Sch. Corp. v. Moll*, 344 N.E.2d 831, 837 (1976); then quoting *Jenkins v. King*, 65 N.E.2d 121, 123 (1946)). Here, the issue is not merely that the amount of commission to be paid was indefinite. It was that the parties only agreed that they would "attempt to develop an agreement" for the payment of commissions. That is not the language of an enforceable agreement with a determinable remedy.

To the extent the parties entered into other, subsequent, agreements for the payment of commission, those were separate contracts. Those separate, stand-alone agreements do not alter the language of the NDA. Nor do they permit G&S to rely on the NDA to provide additional terms for those other agreements. The Court would have no meaningful way to enforce the NDA provision that the parties "attempt to" agree without also filling in terms that are not included in the NDA. Courts cannot "make contracts for parties, nor can they, under the guise of interpretation, supply provisions actually lacking, or impose obligations not actually assumed." *Int'l Shoe Co. v. Lacy*, 53 N.E.2d 636, 648 (Ind. Ct. App. 1944).

For these reasons, the Court declines to modify its previous ruling that the NDA was an illusory contract, and that R3 is entitled to judgment as matter of law on the issue

that the NDA is an unenforceable contract. Additionally, in light of this ruling, the Court finds that it is appropriate to dispose of the case in its entirety.

R3's complaint seeks a declaration that it has not breached the Agreement and has no continuing obligation to pay commissions under the Agreement. Given that the Court has found that the Agreement is unenforceable, there are no remaining issues to be litigated with respect to R3's Complaint. That leaves G&S's counterclaims for damages and declaratory judgment set forth in the First Amended Counter-Complaint. However, because G&S's counterclaims are based on the NDA, there are no genuine issues of material fact remaining as to those claims either.

**B.    Motion to Amend**

Finally, the Court must address G&S's request that it be permitted to amend its pleading to assert a claim based upon an implied contract. G&S argues that it should be granted leave to amend because R3 did not raise as an affirmative defense that the NDA was illusory, indefinite, or unenforceable. When the Court subsequently ruled in favor of R3 on its motion for summary judgment concluding that the NDA was unenforceable, the Court also noted that the parties had not demonstrated the existence of an implied or oral contract. Thus, G&S seeks leave to amend to specifically allege the "existence and details of an implied and/or oral contract between the parties, and to include alternative theories of recovery in its Counter-Complaint based on contract implied in law and contract implied in fact." (Def.'s Mot. 4, ECF No. 57.)

G&S cites to Federal Rule of Civil Procedure 15(a) and its directive that courts should freely give leave to amend when justice so requires. However, when a party fails to file a motion seeking leave to amend before the deadline set by the district court under Rule 16, the court is "entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011); *see also Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (noting that district courts typically conduct a "two-step fashion[ed]" analysis in analyzing a belated motion seeking leave to amend a complaint"). The deadline for G&S to seek leave to amend its pleadings passed on March 31, 2017, nearly two years before G&S filed its motion to amend.

The Court's primary consideration in making the good-cause determination is the diligence of the party seeking amendment. *See DR Distributors, LLC v. 21 Century Smoking, Inc.*, No. 12 CV 50324, 2019 WL 556496, at *4 (N.D. Ill. Feb. 12, 2019) (citing *Alioto*, 651 F.3d at 719). "Lack of undue prejudice or surprise to the nonmoving party is insufficient to establish good cause under Rule 16(b)." *Id.* (citation and internal quotation marks omitted). Here, G&S seeks to add an implied contract claim, but it has not been diligent in seeking the amendment under Rule 16. G&S asserts that this is because, prior to the Court's ruling, it had no basis to believe that the NDA was unenforceable. The Court does not agree.

G&S was aware of the wording of the NDA from the beginning of the litigation. *See Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005)

(affirming the district court's denial of leave to amend where the plaintiff was "or should have been, aware of the facts underlying its" claim). No discovery or motions by R3 informed G&S of "substantial change[s]" about its allegations that would justify the proposed amendment. *Wilson v. Jones*, No. 416-CV-04025-SLD-JEH, 2018 WL 2158763, at *4 (C.D. Ill. May 10, 2018) (alteration in original); *see also Design Basics, LLC v. Kerstiens Home & Designs, Inc.*, No. 116CV00726TWPMPB, 2018 WL 1241994, at *3 (S.D. Ind. Mar. 9, 2018) ("Although Design Basics claims that it required discovery to confirm that Defendants also infringed on the additional house plans, Design Basics could have pled such infringements in its prior complaints based on its suspicions alone." (citation omitted)). Indeed, G&S submits that no additional discovery would be required to litigate the proposed new counter-claim.

G&S merely states that it was not aware of the need to amend its pleading until R3's motion for summary judgment and the Court's ruling. However, the Seventh Circuit has found analogous circumstances insufficient to demonstrate good cause under Rule 16. *See Alioto*, 651 F.3d at 720 ("He argues chiefly that he had no reason to know that his complaint was deficient until the defendants filed their motions to dismiss the complaint. That explanation does not pass muster.").

The Court finds that G&S has not established good cause for waiting to assert a new theory of recovery until after discovery has closed, and all the claims previously asserted in this litigation have been briefed on summary judgment. Accordingly, the Court will deny G &S's request for leave to amend.

## CONCLUSION

For the reasons stated above, the Court:

1. DENIES Defendant's Motion for Partial Reconsideration [ECF No. 55];

2. DENIES Defendant's Motion for Leave to File Second Amended Counter-Complaint [ECF No. 57];

3. GRANTS the Motion to Modify or Amend February 27, 2019 Opinion and Order to Enter Judgment in Favor of Plaintiff/Counter-Defendant R3 Composites Corporation [ECF No. 60], and thereby

    a. DECLARES that the NDA is unenforceable;

    b. DISMISSES all claims pled in the alternative; and

    c. DIRECTS the Clerk to enter Judgment in favor of R3 and against G&S on G&S's Counterclaims.

SO ORDERED on June 5, 2019.

                                          s/ *Holly A. Brady*
                                          JUDGE HOLLY A. BRADY
                                          UNITED STATES DISTRICT COURT