UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| R3 COMPOSITES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:16-cv-00387-HAB-SLC |
| | ) | |
| G&S SALES CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**OPINON AND ORDER**

Before the Court is a Motion for Leave to File Sur-Reply Brief Regarding Plaintiff's Motion for Leave to File Supplemental Complaint or in the Alternative for Judicial Notice of Facts Relating to MDG Sales Corporation, filed by Defendant on August 25, 2020. (ECF 87). Plaintiff filed a memorandum in opposition to the motion on September 4, 2020 (ECF 92), and Defendant filed a reply on September 7, 2020 (ECF 95). Accordingly, the matter is ripe for ruling. For the following reasons, Defendant's motion (ECF 87) is GRANTED.

*A. Background*

By way of background, Plaintiff filed its Motion for Leave to File Supplemental Complaint on July 24, 2020, seeking to add a claim that Plaintiff is entitled to "50% of the commissions and other amounts which [Defendant] may recover in this action," because Mark Glidden, a former employee of Plaintiff and representative of Defendant, assigned to Plaintiff his rights to any such recovery obtained by Defendant in this action. (ECF 81). Defendant opposes that motion on the grounds that allowing Plaintiff to supplement its complaint would unnecessarily complicate and delay this action, in part because it would require a determination of whether there was any agreement between Defendant and Glidden that would give rise to any rights for him to assign to Plaintiff. (ECF 84 ¶ 5; *see also* ECF 85 at 16-21). Defendant

contends that any such agreement concerning commissions was between it and MDG Sales Corporation ("MDG"), a corporation of whom Glidden was the sole shareholder. (*Id.*). Further, Defendant asserts that allowing Plaintiff to amend its complaint would require MDG to be joined in this action as an indispensable party under Federal Rule of Civil Procedure 19, destroying diversity and divesting this Court of subject-matter jurisdiction. (ECF 85 at 21-26).[1]

In its reply, Plaintiff asserts that there was in fact an agreement between it and Glidden individually (ECF 86 at 1-2), but in any event, that MDG was automatically dissolved in 2012 after it had failed to file its annual reports as required by Michigan law (*id.* at 3-4). Thus, by application of Michigan law, MDG's remaining assets—including its rights vis-à-vis Plaintiff— passed to its sole shareholder, Mark Glidden. (*Id.*). Defendant, in its current motion, seeks leave to file a surreply because on August 19, 2020, MDG filed its overdue annual reports, and according to Defendant, that means MDG's corporate existence has been renewed "'as though a dissolution . . . had not taken place.'" (ECF 87 ¶ 4 (quoting Mich. Comp. Laws § 450.1925(2))). In its memorandum in opposition to the motion for leave to file a surreply, Plaintiff primarily asserts that the motion should be denied as it "is of little import to the issue before the Court," because allowing Plaintiff to bring its supplemental claim would facilitate the "efficient administration of justice" regardless of MDG's status. (ECF 92 at 2-3). Further, Plaintiff accuses Defendant of engaging in a "shifting sands approach to this litigation," and claims that allowing Defendant to file a surreply would allow briefing of this matter to "go on in perpetuity." (*Id.* at 2). In its reply, Defendant contends that "[t]he Court should be aware of the new facts when deciding [Plaintiff's] motion for leave to file a supplemental complaint." (ECF 95 at 4).

---

[1] MDG has since filed a motion to intervene in this matter which is also currently pending. (ECF 90).

### *B. Legal Standard*

The Local Rules permit parties to file a motion, a response, and a reply, but do not contemplate the filing of a surreply.  *Lafayette Life Ins. Co. v. City of Menasha*, *Wis*., No. 4:09 CV 64, 2010 WL 4553667, at *1 (N.D. Ind. Nov. 3, 2010) (citing N.D. Ind. L.R. 7-1(a)).  Accordingly, "[t]his Court generally doesn't permit litigants to file a surreply brief."  *Hall v. Forest River, Inc.*, No. 3:04-CV-259-RM, 2008 WL 1774216, at *1 n.1 (N.D. Ind. Apr. 15, 2008) (citation omitted).  The Court, however, has allowed a surreply when it raises or responds to a new issue or development in the law.  *See id*.; *see also Merril Lynch Life Ins. Co. v. Lincoln Nat. Life Ins. Co.*, No. 2-09-CV-158, 2009 WL 3762974, at *1 (N.D. Ind. Nov. 9, 2009) (citation omitted).

### *C. Analysis*

Here, there seems to be little doubt that MDG's purported reinstatement is a new factual matter which did not occur until after Defendant filed its response to Plaintiff's motion for leave to supplement its complaint.  Further, without addressing the merits of Plaintiff's motion for leave, the Court is cognizant of how the dispute regarding Defendant's relationship with Glidden individually or MDG could be relevant to whether or not Defendant would suffer undue prejudice if Plaintiff were permitted to supplement its complaint.  *See In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. July 14, 1999) ("A motion for leave to amend will be denied when the timing of such amendment would cause 'undue prejudice' to the opposing party.  Undue prejudice occurs when the amendment 'brings entirely new and separate claims, adds new parties, or at least entails more than an alternative claim or a change in the allegations of the complaint' and when the additional discovery is expensive and time-consuming." (internal citations omitted)); *see also Masonite Corp. v. Craftmaster Mfg., Inc.*, No. 09 cv 2131, 2011 WL

1642518, at *1 (N.D. Ill. Apr. 29, 2011) ("To determine whether 'just terms' exist for motions to supplement under Rule 15(d), the court uses the same factors as those used for motions to amend under 15(a).").

Additionally, Plaintiff's fear that granting leave to file a surreply would allow briefing of this matter to continue "in perpetuity" is unfounded. The Court notes that Defendant has already filed its proposed surreply as an attachment to its motion. (ECF 87-3). As such, Plaintiff has already had an opportunity to evaluate Defendant's proposed surreply, and by Plaintiff's own words, finds its contents of "little import" to the issue before the Court. (ECF 92 at 2-3). The Court does agree with Plaintiff, though, that because Defendant is being granted leave to file a surreply, Plaintiff should be granted leave to file a surresponse "as a matter of equity." (*Id.* at 2). Accordingly, Plaintiff is afforded to and including October 21, 2020, to file a surresponse, not to exceed five pages, if it deems necessary. After that, the Court will consider Plaintiff's Leave to File Supplemental Complaint (ECF 81) fully briefed.

### *C. Conclusion*

In summary, Defendant's Motion for Leave to File Sur-Reply Brief Regarding Plaintiff's Motion for Leave to File Supplemental Complaint or in the Alternative for Judicial Notice of Facts Relating to MDG Sales Corporation (ECF 87) is GRANTED. The Clerk is DIRECTED to show Defendant's proposed surreply (ECF 87-3) as filed. Plaintiff is afforded to and including October 21, 2020, to file a surresponse, not to exceed five pages, if it deems necessary.

SO ORDERED.

Entered this 14th day of October 2020.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

4